UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| EIG CORONA, LLC, as designee of EQUITY INVESTMENT GROUP, LLC, | }<br>}<br>}<br>} |
| Plaintiff, | }   CASE NO. CV 06-B-0280-NE |
| vs. | }<br>} |
| CORONA CENTER, L.L.C.; MIKE DENDY, | }<br>} |
| Defendants. | |

### MEMORANDUM OPINION

This case is before the court on defendants' Motion to Dismiss. (Doc. 11.)[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the defendants' Motion to Dismiss is due to be granted.

**I.   FACTUAL ALLEGATIONS**

This action arises from the circumstances surrounding a real estate transaction in which plaintiff, EIG Corona, LLC, purchased a shopping center in Boaz, Alabama from defendant Corona Center L.L.C. (Compl., Doc. 1, ¶ 8.) Plaintiff brings this action against Corona Center and Mike Dendy, authorized representative and principal of Corona Center, alleging state law claims of fraudulent inducement and breach of contract.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and is between citizens of different states.

## II.   DISCUSSION

Defendants move the court to dismiss this action for lack of venue in accordance with the forum selection clause in the parties' contract.  (Motion to Dismiss, Doc. 11, at 1.)  The Purchase Agreement contains a forum selection clause which states:

> 14.6.  Choice of Law and Venue.  In the event that any litigation arises hereunder, it is specifically stipulated that this Agreement shall be interpreted and construed according to the laws of the state in which the Property is situated and ***venue for any such action shall be Marshall County, Alabama***.

(Compl., Ex. A, at 21) (emphasis added).  Defendants contend that, pursuant to the terms of the Purchase Agreement, the Circuit Court of Marshall County, Alabama is the only proper venue in which this action may be litigated.  Plaintiff's argue that an action filed in the Northern District of Alabama satisfies the venue requirement.

In determining the effect of a forum selection clause, the Eleventh Circuit first determines whether the clause is mandatory or permissive.  *Florida Polk County v. Prison Health Services, Inc.*, 170 F.3d 1081, 1084-85 (11th Cir. 1999).  "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere.  A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract."  *Global Satellite Communication Co. v. Starmill U.K. Limited*, 378 F.3d 1269, 1272 (11th Cir. 2004) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n. 24 (11th

Cir. 1999)). In the instant case, the parties agree that the forum selection clause in the Purchase Agreement is mandatory. (Pl.'s Response, Doc. 16, at 1.) Therefore, the exclusive venue for this action is Marshall County, Alabama.

Plaintiff contends that, under *Global Satellite*, a suit in this court satisfies the venue requirement. 378 F.3d at 1272-74. The forum selection clause in *Global Satellite* was similar to the clause at issue here. It stated, in relevant part, "[t]his Agreement shall be construed and enforced in accordance with the laws of the United States of America. Venue shall be Broward County, Florida. . . The parties to this agreement . . . agree in the event of litigation to submit to the jurisdiction of Broward County, Florida." *Id*. at 1271. In that case, the plaintiff, Global Satellite, filed suit in the Florida Circuit Court of the Seventeenth Judicial Circuit, Broward County. *Id.* Based on diversity jurisdiction, the defendant removed the case to the United States District Court in Fort Lauderdale, Broward County. *Id.* Global Satellite moved to remand the action, arguing that the venue selection clause in the parties' contract mandated venue in state court in Broward County. *Id.* The district court granted the motion and remanded the action to state court. On appeal, the Eleventh Circuit reversed the district court's ruling. *Id.* The court stated:

> The contract provision, "Venue shall be in Broward County," because it uses the imperative "shall," is most reasonably interpreted to mandate venue in Broward County, and Broward County alone. The provision, however, does not designate any particular forum, such that a suit either in the Seventeenth Judicial District of Florida, or in the Fort Lauderdale Division of the Southern District of Florida, **both of which are located in Broward County**, would satisfy the venue requirement.

3

*Id*. at 1272 (emphasis added).

The forum selection clause in *Global Satellite* is similar to the clause at issue in this case.  Nevertheless, there is a key distinction which makes *Global Satellite* inapplicable here.  Vital to the court's conclusion that the clause in that case was ambiguous, was the fact that both the Fort Lauderdale division of the Southern District of Florida and the Seventeenth Judicial District of Florida are located in Broward County, Florida.  The court stated:

> because it names only a geographical unit, host to several forums, we can only guess which of these it intended to designate.  The phrase is simply ambiguous, it lends itself to several possible reasonable interpretations, and rather than strain to find one that should prevail over another, we must simply construe it against Global Satellite, the drafter.

*Id*. at 1274 (citing *Citro Florida, Inc. v. Citrovale, S.A.,* 760 F.2d 1231, 1232 (11th Cir. 1985).

Thus, the venue requirement in *Global Satellite* would have been satisfied whether the case was brought in federal court or state court . 378 F.3d at 1272.  That is not the case here.

There is no federal court sitting in Marshall County, Alabama; the only court sitting in Marshall County, Alabama with the jurisdiction to hear this dispute is the Circuit Court of Marshall County.  Therefore, there is but one reasonable interpretation of the language in the forum selection clause of the contract at issue - that it mandates venue in Marshall County, and Marshall County alone.  See *Global Satellite*, 378 F.3d at 1272.

Because this court does not sit in Marshall County, Alabama, this action is due to be dismissed for lack of venue.

### III.     CONCLUSION

Based on the foregoing, the Court finds that the defendants' Motion to Dismiss, (doc. 11), is due to be granted.  An order in accordance with this Memorandum Opinion will be filed contemporaneously herewith.

**DONE**, this the 19th day of May, 2006.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE